IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20241
Summary Calendar
_____

ROBERTO MARINELLI PEREZ, JOAQUINA MARIA SALCEDO P.
DE MARINELLI,
                                      Plaintiff-Appellants,

versus

PAN AMERICAN LIFE INSURANCE COMPANY, ET AL.,
                                      Defendants,

SEGUROS PANAMERICANA, S.A.,

                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-94-3096)
_____

August 20, 1996

Before DAVIS, WIENER and BENAVIDES, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge[*]:

    Plaintiffs-Appellants appeal the district court's granting of
Defendant-Appellee Seguros Panamericana, S.A.'s ("Seguros") motion
to dismiss under FED. R. CIV. P. 12(b)(2) for insufficiency of
process, (b)(4) for insufficiency of service, and (b)(5) for lack
of personal jurisdiction.  We affirm.

I.

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

On June 6, 1992, Plaintiffs-Appellants, who are residents of Guatemala, purchased a health insurance policy from Seguros, a Guatemalan corporation licensed to sell insurance in Guatemala and a subsidiary of Defendant Pan American Life Insurance Company ("Pan American"). When Plaintiffs-Appellants' son became ill, they sought and received medical services from Texas Children's Hospital in Houston, Texas. After Plaintiffs-Appellants accumulated several hundreds of thousands of dollars in medical bills, Seguros terminated their insurance policy and refused to pay their claims.

On September 8, 1994, Plaintiffs-Appellants filed suit in district court in Texas against Pan American and Seguros to recover benefits under the policy issued by Seguros. Pan American filed an answer subject to a motion to dismiss for improper venue pursuant to *Fed. R. Civ. P.* 12(b)(3) and a motion to dismiss for failure to state a claim pursuant to *Fed. R. Civ. P.* 12(b)(6). Seguros did not enter an appearance in the district court. On January 11, 1995, the court granted both motions and dismissed the suit against all defendants.

Plaintiffs-Appellants appealed to this Court. On October 20, 1995, we affirmed the district court's dismissal of Pan American for failure to state a claim for relief. Because Seguros did not appear in district court, it was not a party of the appeal. Therefore, we remanded to the district court the remaining claims against Seguros for further proceedings. On remand, Seguros filed

motions to dismiss for lack of personal jurisdiction, insufficiency of process, and insufficiency of service. On February 9, 1996, the district court granted all three motions and entered a final judgment dismissing Plaintiffs-Appellants' claims against Seguros.

## II.

Plaintiffs-Appellants contend that personal jurisdiction exists because Seguros universally represented that its insurance policies, including the one issued to Plaintiffs-Appellants, entitled the holders to medical services at the Houston Medical Center in Houston, Texas. They argue that Seguros approved their application to go the Houston Medical Center to procure medical services for their son, and that by capitalizing on the Houston Medical Center to the detriment of Texas' hospitals, doctors and charities, has committed acts that constitute "doing business" in Texas. Personal jurisdiction is a question of law reviewed *de novo* by an appellate court. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). The plaintiff bears the ultimate burden of demonstrating that personal jurisdiction exists. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir.), *cert. denied*, 506 U.S. 867, 113 S.Ct. 193, 121 L.Ed.2d 136 (1992).

A federal court has jurisdiction over a nonresident defendant to the same extent that a state court in that forum has jurisdiction. *Gundle Lining Constr. Corp. v. Adams County Asphalt,*

*Inc.*, 85 F.3d 201, 204 (5th Cir. 1996) (citing *Wilson v. Belin*, 20 F.3d 644, 646 (5th Cir.), *cert. denied*, ___U.S.___, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994)). "The reach of a state court's jurisdiction is delimited by: (1) the state's long-arm statute; and (2) the Due Process Clause of the Fourteenth Amendment to the federal Constitution." *Id.* (citing *Bullion v. Gillespie*, 895 F.2d 213, 215 (5th Cir. 1990)). Under the Texas long-arm statute, jurisdiction may be exercised over nonresidents "doing business" in Texas. *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 17.042). The exercise of personal jurisdiction over a nonresident defendant will not violate due process principles if: (1) the nonresident has purposefully availed himself of the benefits and protections of the forum state through "minimum contacts" established by *International Shoe Co. v. Washington*[1]; and (2) the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.* (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987)).

We find no evidence in the record that Seguros has any contacts with the state of Texas, let alone "minimum contacts" to allow the federal court to exercise jurisdiction in this case. Seguros, a Guatemalan corporation, solicits no business in Texas, does not maintain an office in Texas, and does not have a representative or agent in Texas. The insurance policy at issue

---

[1] 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed.2d 95 (1945).

4

was solicited and issued in Guatemala, and all billing and claims handling occurred in Guatemala.  In fact, the only arguable "contacts" Seguros has with Texas is the worldwide coverage language in the policy itself and Plaintiffs-Appellants' claim that a Seguros representative approved treatment at Texas Children's Hospital in Houston, Texas.  The court's exercise of jurisdiction based solely on these thin "contacts" would offend the traditional notions of fair play and substantial justice.  Accordingly, the district court did not err in granting Seguros motion to dismiss for lack of personal jurisdiction.[2]

## III.

For the reasons articulate above, the judgment of the district court is AFFIRMED.

---

[2]  Because we find no personal jurisdiction in this case, we need not address the remaining issues raised in this appeal.